Case Number: CACE-16-019260 Division: 12

Filing # 47861356 E-Filed 10/20/2016 10:30:19 AM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ASPEN SPECIALTY INSURANCE
COMPANY a/s/o DAPOER, INC. d/b/a
DAPUR ASIAN TAPAS RESTAURANT,

CASE NO:

**SUMMONS**

Plaintiff,

v.

TURBO AIR, INC.,

Defendant.
_____/

THE STATE OF FLORIDA

To All and Singular the Sheriffs of said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action

on Defendant:

**TURBO AIR, INC.**

By serving its Registered Agent:

**KAY KIM
2701 SW 145th AVENUE, #220
MIRAMAR, FL 33027**

Each Defendant is required to serve written defenses to the Complaint or Petition on:

**Richard E. Retamar, Esq.
Retamar & Millian, P.A.
Attorneys for Plaintiff
823 E. Hillsboro Boulevard
Deerfield Beach, FL 33441
Telephone Number: 954 834 0404
Facsimile Number: 954 834 0405
retamar@retamarmillian.com**
picciano@retamarmillian.com

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

**WITNESS** my hand and the Seal of said Court        OCT 20 2016

CLERK OF THE CIRCUIT COURT

(Seal)

BY: _____
Deputy Clerk

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN CLERK 10/20/2016 10:30:18 AM ****

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous. This Notice is provided pursuant to Administrative Order No. 2.031-9/96

Filing # 47861356 E-Filed 10/20/2016 10:30:19 AM

Exhibit A to Federal Notice of Removal

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ASPEN SPECIALTY INSURANCE
COMPANY a/s/o DAPOER, INC. d/b/a
DAPUR ASIAN TAPAS RESTAURANT,

CASE NO:

Plaintiff,

v.

TURBO AIR, INC.,

Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, **ASPEN SPECIALTY INSURANCE COMPANY, as subrogee of DAPOER INC. d/b/a DAPUR ASIAN TAPAS RESTAURANT,** by and through the undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, hereby files this Complaint against Defendant, **TURBO AIR, INC.** and avers as follows:

### GENERAL AVERMENTS

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of attorneys' fees, interest and costs.

2. Plaintiff, ASPEN SPECIALTY INSURANCE COMPANY, is, and at all relevant times was, a corporation organized and existing under the laws of North Dakota and an insurance company authorized to transact, and transacting, business in the state of Tennessee.

3. At all times material to the action, DAPOER INC. d/b/a DAPUR ASIAN TAPAS RESTAURANT hereinafter "DAPOER") was a Florida corporation with its principal place of business at 1620 North Federal Highway, Fort Lauderdale, Florida.

1

4. At all relevant times, DAPOER was insured by the Plaintiff under a policy of property insurance (hereinafter "the policy"), by the terms of which the Plaintiff insured against, among other risks, any loss or damage to the property resulting from fire.

5. At all times material hereto, Defendant TURBO AIR, INC., was a California Corporation with a principal place of business 4184 E. Conant Street, Long Beach, CA 90808.

6. Venue for this action is proper in Broward County, Florida.

7. This is a subrogation action alleging, *inter alia*, that the defendants were negligent, resulting in a destructive fire.

8. On or about, June 18, 2014, Plaintiff purchased a freezer, model number M3F47, manufactured by Defendant from Global Restaurant Equipment & Supplies, Inc.

9. Plaintiff purchased said freezer for use at the Dapur Asian Tapas Restaurant located at 1620 North Federal Highway, Fort Lauderdale, Florida ("the property").

10. On or about November 24, 2015, the freezer malfunctioned in the area of the electrical components mounted on top of the freezer during normal operation.

11. The malfunction of the freezer caused an electrical fault which resulted in a fire.

12. As a direct and proximate result of the actions of Defendant, the fire in the freezer spread throughout Plaintiff's insured's restaurant causing extensive damage to the building and its Contents.

13. As a result of the damage to the property, damages were incurred in an amount in excess of $1 million.

14. As a result of the above fire and resulting property damage, the Plaintiff made and will make payments to its insured, and is legally, contractually and equitably subrogated to the rights of its insured, and asserts all rights of its insured in this action.

2

15. Plaintiff is entitled to prejudgment and post-judgment interest on all liquidated damages

## COUNT I - STRICT PRODUCTS LIABILITY

Plaintiff incorporates by reference the allegations of the preceding Paragraphs 1 - 15 as if fully set forth herein.

16. At all times material hereto, Defendant, TURBO AIR, INC., designed, developed, tested, manufactured, and/or distributed placing into stream of commerce the Freezer (Product Number M3F47) ( the "subject product")

17. The subject product was sold to DAPOER on or about June 18, 2014.

18. The claims made by Plaintiff arise from the ownership, maintenance and/or use of the subject product.

19. The subject product involved in this incident was in substantially the same condition as it was when sold.

20. The subject product was unfit for its intended use and purpose because of defects in the area of the wiring that caused the freezer to ignite.

21. The defect was a proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant, TURBO AIR, INC., in an amount in excess of $15,000.00, pre-judgment interest, post-judgment interest, costs and any other relief this court deems appropriate.

## COUNT II--NEGLIGENCE

Plaintiff incorporates by reference the allegations of the preceding paragraphs 1 - 15 as if fully set forth herein.

3

22. At all times material hereto, Defendant, TURBO AIR, INC., designed, developed, tested, manufactured, and/or distributed, placing into stream of commerce the subject product.

23. As the manufacturer of the subject product, Defendant TURBO AIR, INC., owed a duty to DAPOER to design a product that was reasonably safe for its intended use and for other uses that were foreseeably probable.

24. Defendant TURBO AIR, INC., breached its duty to design a product that was reasonably safe for its intended use.

25. As a direct and proximate cause of the negligence of Defendant Turbo Air, Plaintiff incurred damages to its property in an amount in excess of $1 million.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant, TURBO AIR, INC., in an amount in excess of $15,000.00, pre-judgment interest, post-judgment interest, costs and any other relief this court deems appropriate.

## COUNT III-BREACH OF WARRANTY

Plaintiff incorporates by reference the allegations of the preceding paragraphs 1 - 15 as if fully set forth herein.

26. Defendant, TURBO AIR, INC., manufactured the subject product.

27. Defendant, TURBO AIR, INC., warranted that the product was reasonably fit for its intended use as a freezer,

28. On or about November 24, 2015 the subject product did not perform as warranted and caught fire. As a direct and proximate cause of the negligence of Defendant, TURBO AIR, INC., Plaintiff incurred damages to its property in an amount in excess of $1 million.

4

WHEREFORE, Plaintiff respectfully demands judgment against Defendant, TURBO AIR, INC., in an amount in excess of $15,000.00, pre-judgment interest, post-judgment interest, costs and any other relief this court deems appropriate.

Dated: October  20 , 2016

                              **RETAMAR & MILLIAN, P.A.**
                              823 East Hillsboro Boulevard
                              Deerfield Beach, FL 33441
                              Phone:    (954) 834-0404
                              Facsimile: (954) 834-0405
                              retamar@retamarmillian.com
                              picciano@retamarmillian.com

BY: *[signature]*
                              **RICHARD E. RETAMAR, ESQ.**
                              Florida Bar Number: 0856967